IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT
JUN 11 2010
LONG ISLAND OFFICE

| | |
|---|---|
| PATIENT ACCESS SOLUTIONS, INC., | |
| Plaintiff, | |
| vs. | Civil Action No. _____ |
| MDWERKS, INC., XENI FINANCIAL SERVICES, CORP., DIGITAL PEN APPLICATIONS, INC., DIGITAL PEN SYSTEMS, INC. and HOWARD KATZ, | |
| Defendants. | |

CV-10 2666

SEYBERT, J.
LINDSAY, M.

## NOTICE OF REMOVAL OF PENDING STATE COURT ACTION

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332 and 1441(b) and Local Civil Rule 81.1, Defendants MDwerks, Inc. ("MDW"), Xeni Financial Services, Corp. ("Xeni"), Digital Pen Applications, Inc. ("DPA") and Howard Katz ("Defendants"), give notice of removal of an action filed against them in the Supreme Court of the State of New York County of Suffolk, to the United States District Court for the Eastern District of New York.

### THE REMOVED CASE

1. The removed case is a civil action filed on May 21, 2010 in the Supreme Court of the State of New York, County of Suffolk, Index No. 10-108325 (the "Removed Case"), which is incorporated herein, as if set forth in full.

### PAPERS FROM REMOVED ACTION

2. As required by 28 U.S.C. § 1446(a), attached hereto as <u>Exhibit A</u> is a true and correct copy of all filed papers in the Removed Case served on defendants and in defendants file.

## REMOVAL IS TIMELY

3. The complaint in the Removed Case was served on defendants on May 21, 2010. *See* <u>Exhibit A</u>. This Notice of Removal is filed within thirty (30) days following May 21, 2010, and therefore is timely under 28. U.S.C. § 1446(b) and Rule 6(a) of the Federal Rules of Civil Procedure.

## THE DIVERSITY JURISDICTION OF THIS COURT

4. Pursuant to 28 U.S.C. § 1441(a), defendants may remove to federal court any civil action in a state court of which the federal district court possesses original jurisdiction. Because the Court possesses original diversity jurisdiction over this dispute pursuant to 28 U.S.C § 1332, removal is proper. As set forth below, (i) this is an action between corporations of different states in which corporations and one citizen are additional parties; (ii) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and (iii) this action is a civil action pending within the jurisdiction of the United States District Court of the Eastern District of New York

5. Plaintiff Patient Access Solutions, Inc. is incorporated under the laws of the State of Nevada with its principal place of business in New York. Plaintiff is therefore a citizen of the States of Nevada and New York for diversity jurisdiction purposes

6. Defendant MDW is incorporated under the laws of the State of Delaware with its principal place of business in Florida. Defendant MDW is not a citizen of the State of New York.

7. Defendant Xeni is incorporated under the laws of the State of Florida with its principal place of business in Florida. Defendant Xeni is not a citizen of the State of New York.

8. Defendant DPA is incorporated under the laws of the State of Florida with its principal place of business in Florida. Defendant DPA is not a citizen of the State of New York.

9. Defendant Digital Pen Systems, Inc. is incorporated under the laws of the State of Utah with its principal place of business in Utah. Defendant Digital Pen Systems, Inc. is not a citizen of the State of New York.

10. Defendant Howard Katz was, at the time of filing of this action, and still is, a citizen of the State of Florida.

11. Complete diversity of citizenship exists between the parties as none of the Defendants share Plaintiff Patient Access Solutions, Inc. citizenship of Nevada or New York and the Plaintiff does not share any of the Defendants citizenship of the states of Delaware, Florida or Utah.

12. The amount in controversy required by 28. U.S.C. 1332(a) is satisfied. Plaintiff's prayer for relief alleges a specific amount of damages totaling $18,000,000. Defendants in their counterclaims will allege damages totaling more than $3,000,000 that includes a disgorgement of monies lent to Plaintiff by Defendants secured by Convertible Promissory Notes. Therefore, the amount in controversy is far in excess of $75,000.

13. Because the requirements for the Court's original jurisdiction are satisfied, removal of this action from the Supreme Court of the State of New York County of Suffolk to the United States District Court for the Eastern District of New York is proper.

**VENUE IS PROPER IN THIS DISTRICT AND DIVISION**

14. Venue in the District of Delaware is proper under 28 U.S.C. § 1446(a) because this Court is the United States District Court for the district and division corresponding to the place where the state-court action is pending.

## FILING OF REMOVAL PAPERS

15. Pursuant to 28 U.S.C. 1446(d), written notice of removal of this action is being given simultaneously to Plaintiff's counsel, and a Notice of Filing of Removal is being filed with the Supreme Court of the State of New York County of Suffolk. A true and correct copy of that Notice is attached as Exhibit B.

16. By filing this Notice, the undersigned certifies that to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, it is not being presented for any improper purpose and all claims are warranted by existing law and evidentiary support.

WHEREFORE, Defendants hereby remove the above captioned action from the Supreme Court of the State of New York County of Suffolk to the United States District Court for the Eastern District of New York, and request that further proceedings be conducted in this court.

Dated: June 11, 2010

McCullough Ginsberg Montano & Partners LLP

*(signature)*

Ted McCullough (No.7609)
320 East 53rd Street, Suite 100
New York, New York 10022
Phone (646) 747-4677
Facsimile (646) 349-2217
tmccullough@mgpllp.com
*Attorneys for Defendants MDwerks, Inc., Xeni Financial Services, Corp., Digital Pen Applications, Inc., and Howard Katz*

## CERTIFICATE OF SERVICE

I, Ted McCullough, hereby certify that on June 11, 2010, a copy of the foregoing document was served on the following counsel in the manner indicated below:

**BY OVERNIGHT MAIL**

David H. Ledgin
1539 Franklin Avenue, Suite 201
Mineola, New York 11501
(516) 747-1210

McCullough Ginsberg Montano & Partners LLP

*Ted McCulley*
Ted McCullough (No.7609)
320 East 53rd Street, Suite 100
New York, New York 10022
Phone (646) 747-4677
Facsimile (646) 349-2217
tmccullough@mgpllp.com
*Attorneys for Defendants MDwerks, Inc., Xeni Financial Services, Corp., Digital Pen Applications, Inc., and Howard Katz*